IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KADIJAH LEACH,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **PHELAN HALLINAN DIAMOND AND JONES, LLP, WELLS FARGO HOME MORTGAGE AND DELAWARE COUNTY SHERIFF OFFICE OF PENNSYLVANIA,** | **NO.  19-3183** |
| **Defendants.** | |

## MEMORANDUM OPINION

Plaintiff Khadijah Leach is pursuing *pro se* an Amended Complaint against Wells Fargo Home Mortgage, Phelan Hallinan Diamond and Jones ("Phelan Hallinan"), and the Delaware County Sheriff Office related to a foreclosure action and eviction proceeding in state court.  As liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's Amended Complaint alleges: procedural due process and Real Estate Settlement Procedures Act (12 U.S.C. § 2605) ("RESPA") violations, common law fraud, intentional infliction of emotional distress, and "unlawful forceful ejectment."  Plaintiff filed a Motion for Default Judgment against Defendants Phelan Hallinan and the Sheriff Office.  Defendants Wells Fargo and the Sheriff Office both filed Motions to Dismiss Plaintiff's Amended Complaint.  Phelan Hallinan has not filed any pleadings, nor has an attorney for the party made an appearance.

I.        **BACKGROUND**

         **A.  Factual History**

On September 19, 2014, Plaintiff entered into a promissory note in the amount of $78,452.00 with Aurora Financial Group which was secured by a mortgage that encumbered the real property located at 462 Westmont Avenue a/k/a 462 Westmont Drive, Collingdale, PA

19023.  The mortgage was recorded in the Office of the Recorder of Delaware County on

September 24.  On February 1, 2017, the mortgage was assigned to Defendant Wells Fargo.  The

assignment was again recorded in Delaware County.  After learning of the assignment, on

February 15, Plaintiff sent a "RESPA Qualified Written Request/TILA Request" to Wells Fargo

requesting "detailed information about her mortgage."  In April 2017, Plaintiff received

responses from Wells Fargo but because they did not adequately address her concerns, sent a

second "RESPA/TILA" request.  In May, Wells Fargo responded saying that her requests were

too broad and that the items she requested were privileged and/or proprietary information.

Following the second response, Plaintiff sent a "Notice of Cease and Desist" to Wells Fargo.  In

July 2017, Wells Fargo responded to the notice saying that it would update her account so that

she would not receive phone calls from it for 90 days.

Wells Fargo began a mortgage foreclosure action against Plaintiff in the Court of

Common Pleas of Delaware County in October 2017.  Defendant Phelan Hallinan represented

the bank.  On November 1, 2017, Plaintiff received a copy of the action.  Plaintiff appeared in

the court as a self-represented party and filed a "Consumer Complaint" raising concerns about

the proceeding.  Wells Fargo moved to strike the Consumer Complaint, and after Plaintiff filed

in opposition, the state court granted the motion to strike.  In December, Plaintiff filed a "Right

of Claims record," a property deed, and an affidavit in support of her deed with the Court of

Common Pleas.  In January 2018, she filed affirmative defenses.  In April, Plaintiff filed a

counterclaim seeking damages for "fraudulent accosting," "emotional distress," and

"physiological distress."  Thereafter, on July 11, 2018, Wells Fargo filed a Praecipe for

Judgment and Writ of Execution in the Foreclosure Action.  Judgment was entered on July 13,

2018, in the amount of $78,966.49 against Plaintiff.

In September 2018, a notice for a Sheriff Sale of Real Estate was posted at Plaintiff's residence.  She then filed a "notice of fraud" in the Court of Common Pleas.  On December 2, 2018, Wells Fargo commenced an ejectment action against Plaintiff in the state court, and judgment was entered in its favor on January 27, 2019.  The following April, an eviction notice was placed on Plaintiff's door, and two sheriffs appeared with a U-Haul truck to remove her. Over protest from Plaintiff and after concluding the U-Haul was not large enough, the sheriffs left.  In May, a second eviction notice was posted and Plaintiff filed a complaint alleging "unlawful forceful ejectment."  Plaintiff received a final eviction notice on July 9, 2019, setting eviction for July 25.

### B.  Procedural History

Plaintiff filed her Complaint in federal court on July 22, 2019.  On November 13, 2019, there being no indication on the docket that service had been made on any Defendants, chambers sent a letter to Plaintiff informing her that "[i]n order to eliminate a delay in bringing this case to trial, service must be made by November 27, 2019 in accordance with Rule 4(m) of the Federal Rules of Civil Procedure."  Plaintiff was further informed that she would have to file proof of service with the Clerk of Court by no later than December 4, 2019 and that, if service was not made in a timely manner, the Court would dismiss the Complaint without prejudice for lack of prosecution.

On December 5, 2019 – one day late – Plaintiff filed a Proof of Service, sworn by the Process Server on November 30, 2019, indicating that one Jerry L. Sanders, Jr. in the Delaware County Sheriff's Department was served by mail on November 26, 2019.  On that same day Plaintiff also filed a Proof of Service indicating that either "C. Allen Parker – CEO of Wells Fargo" or "Charles W. Scharf – Wells Fargo Bank" (both names are included on the document)

were served by mail, again on November 26, 2019.  Similarly, Plaintiff filed a Proof of Service
indicating that service was made on Phelan Hallinan by mail on November 26, 2019.

  Also on December 5, 2019, Plaintiff filed an Amended Complaint.  Attorneys for
Defendant Wells Fargo Home Mortgage entered appearances on December 16, 2019.  On
December 30, 2019, Plaintiff filed Proofs of Service on the same individuals/entities as before
and in the same manner – by mail – but indicating that service was done on December 26, 2019.
Shortly thereafter, Wells Fargo filed a Motion to Dismiss for Failure to State a Claim and for
Lack of Jurisdiction.

  Notwithstanding the December 30, 2019 Proof of Service, neither the Delaware County
Sheriff or Phelan Hallinan filed a response or an answer to the Amended Complaint.
Accordingly, chambers sent out a letter to the Plaintiff informing her of that fact and that if these
Defendants – the Sheriff Office or Phelan Hallinan – did not file a pleading by February 14,
2020, she could file "a request for default with the Clerk of Court in accordance with Rule 55 of
the Federal Rules of Civil Procedure."

  On February 21, 2020, Plaintiff filed a Motion for Default Judgment against the Sheriff
Office and Phelan Hallinan asking that the Court enter default judgment, seeking "the damage
amount of FIVE HUNDRED AND NINETY FIVE THOUSAND DOLLARS . . . or what the
court deems just and proper. . . ."  Prior to filing the motion she had not requested that the Clerk
of Court enter default against those parties.  Four days after its filing an attorney for Delaware
County entered her appearance and filed a Response in Opposition to the Motion for Default
Judgment, arguing two things.  The first was that the proof of service provided by Plaintiff (a
certified mail letter sent to the attention of Jerry Sanders in the Delaware County Sheriff Office
with no return receipt indicating whether anyone signed for the mailing) was improper.  The

second was that the "Delaware County Sheriff Office is not a legal entity capable of being sued." In addition to opposing default judgment, the Sheriff Office filed a Motion to Dismiss raising the same grounds as it did in its opposition to default judgment, as well as other arguments.

This procedural history is, however, complicated by another entry on the docket on February 25 – a busy day in this matter.  Prior to either of the Sheriff Office filings hitting the docket, this Court signed an order dismissing Phelan Hallinan and the Sheriff Office with prejudice "for lack of prosecution for failure to comply" with the December 30, 2019 proof of service.  The order made its way to the Clerk's Office and was entered on the docket after the Sheriff Office's filings (ECF No. 16).  The Court would not have signed ECF No. 16 if it had seen the Sheriff Office's response to the Plaintiff's Motion for Default Judgment.  Accordingly, ECF No. 16 will be rescinded.

## II.   DISCUSSION

### A.  Plaintiff's Request for Default Judgment

#### 1.  Against the Sheriff's Office

Before a court can enter a default judgment, the party seeking the judgment must comply with Rule 55 of the Federal Rules of Civil Procedure.  As a prerequisite, the party must file a request for entry of default with the Clerk of Court.  *See Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008).  Once default is entered, it lies within the discretion of the court whether to grant default judgment; considerations include whether a denial would prejudice the plaintiff, whether the defendant appears to have a litigable defense, and whether the defendant's delay was caused by culpable conduct.  *Id.* (citing *Chamberlain v. Giampara*, 210 F.3d 154, 164 (3d Cir. 2000)).

Here Plaintiff did not file a request for entry of default with the Clerk of Court.  Rather

she filed a motion for default judgment.  As a preliminary matter, Plaintiff's failure to file a request for default by itself would provide an adequate ground for denying an entry of default judgment.  *Husain*, 265 F. App'x at 133 (explaining that because "no default was ever entered against the" defendant by the Clerk of Court, the "District Court . . . was correct to deny [plaintiff]'s motion for default judgment").  Even setting aside procedural concerns, however, default is not warranted with respect to the Sheriff's Office for two reasons: Plaintiff failed to properly serve it and the it has a litigable defense.  *See id.*

Turning first to service, under Federal Rule of Civil Procedure 4(j), a local government entity can be served either by delivering a copy of the summons and complaint to its chief executive officer, or by serving the entity in any manner allowed for under state law.  As a political subdivision of the Commonwealth of Pennsylvania, service on the Sheriff Office is governed by Pennsylvania Rule of Civil Procedure 422, which allows in-person service on the entity or on "the mayor, or the president, chairman, secretary or clerk of the governing body in the manner prescribed by Rule 402(a)."  Under Rule 402(a), service can be made by handing a copy to the defendant or other appropriate individual.  The only evidence of service Plaintiff provided is a "certified mail" receipt indicating the Complaint was mailed to the Sheriff's Office.  Service by mail was not proper.  Because the Sheriff's Office was not properly served, default judgment is not appropriate.  *See Mettle v. First Union Nat. Bank*, 279 F. Supp.2d 598 (D.N.J. 2003) (setting aside entry of default judgment because service was improper).

The Sheriff Office also argues that default judgment is improper because the Sheriff Office is not a party capable of being sued.  The only way Plaintiff could proceed in a suit making claims against the Sheriff Office, it argues, would be to bring a lawsuit against the County of Delaware.  *See Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 n.2 (3d

6

Cir. 2014) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."); *Gremo v. Karlin*, 363 F. Supp.2d 771, 780 (E.D. Pa. 2005) ("[T]he City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division, must be dismissed as a matter of law because the police department and detective division are not legal entities separate from the City of Philadelphia."); *Johnson v. City of Erie, Pa*., 834 F. Supp. 873, 879 (W.D. Pa. 1993) ("The numerous courts that have considered the question of whether a municipal police department is a proper defendant in a section 1983 action have unanimously reached the conclusion that it is not."). The existence of a litigable defense further establishes that default judgment is improper in this case. *See Husain*, 265 F. App'x at 133. Accordingly, Plaintiff's Motion for Default Judgment against the Sheriff Office will be denied.

2. Against Phelan Hallinan

Phelan Hallinan has not made any filings in this case. Nonetheless, as with the Sheriff Office, Plaintiff's failure to request entry of default from the Clerk of Court requires Plaintiff's motion be denied. *See Husain*, 265 F. App'x at 133. Further, review of Plaintiff's Proof of Service for Phelan Hallinan reveals that service on this party was improper as well. Phelan Hallinan is registered as a professional limited liability company. Service on a company is proper under Federal Rule of Civil Procedure 4(h) if it is delivered to an officer, managing agent, or other authorized agent, or if it complies with state law. Pennsylvania Rule of Civil Procedure 424 governs service on corporations and similar entities, and likewise allows in-person service on executive officers, partners, or trustees; on persons in charge of the entity during business hours; or on authorized agents. Service by mail is not anticipated. Like with the Sheriff Office,

the only evidence of service on Phelan Hallinan is a certified mail receipt, meaning service was improper.  Default judgment is thus not warranted against Phelan Hallinan.  *See Mettle*, 279 F. Supp.2d 598.

### B.  Remedy for Improper Service

Plaintiff did not effectuate proper service on the Sheriff Office or Phelan Hallinan. Courts have considerable discretion over how to handle improper service; while sometimes dismissal may be warranted, service issues can also be waived or remedied in appropriate circumstances.  *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (explaining that district courts possess "broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process").  Additionally, an action can be dismissed for failure to prosecute or comply with the Federal Rules of Civil Procedure *sua sponte*.  *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962).

The Sheriff Office appears to have received notice of the Amended Complaint at least as of February 25, 2020, when it opposed default judgment and filed a Motion to Dismiss.  In both of its pleadings, the Sheriff Office conceded that, because the error on the part of the Plaintiff was technical in that Plaintiff did not comply with every jot and tittle of the service rule requirements, proper service is not an insurmountable obstacle and there is nothing to prevent the Plaintiff from complying with the rules in the future.  When "there exists a reasonable prospect that service may yet be obtained," dismissal is inappropriate; "the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."  *Umbenhauer*, 969 F.2d at 30. The Sheriff Office therefore indicated in its Motion to Dismiss that service is not one of the grounds on which it seeks dismissal of the Amended Complaint.  In doing so, the Sheriff's Office has thus waived service through its appearance and pleadings.  *See Grand Entm't Grp.,*

*Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993) (noting that a party can waive defects in service "explicitly or implicitly by their actions").

Phelan Hallinan, however, has made no appearances in this proceeding and thus unlike the Sheriff, has not waived service. Indeed, as the certified mail receipt does not indicate whether anyone at the law firm signed for the Complaint or Amended Complaint, it remains unclear whether Phelan Hallinan has received any notice of the action filed against it. However, there is still reason to exercise caution before dismissing the Amended Complaint. As noted, Plaintiff's failing was technical in nature, and a reasonable prospect remains that proper service can be attained. *Umbenhauer*, 969 F.2d at 30. On the other hand, it has been nearly eight months since Plaintiff filed her Complaint, and over four months since she amended it, with no proper service made. Thus any attempt Plaintiff now makes at serving process would be untimely. *See* Fed. R. Civ. P. 4(m).

In deciding whether to grant Plaintiff an extension of time to properly service Phelan Hallinan, a two-step procedure must be followed. First, it must be determined whether "good cause" exists for an extension of time; if there is good cause, an extension must be granted. *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). Second, if good cause is not found, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

Good cause is tantamount to a finding of "excusable neglect." *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987). The Third Circuit has identified the following factors as relevant to the evaluation of whether excusable neglect has occurred:

> 1) whether the inadvertence reflected professional incompetence such as ignorance of rules of procedure, 2) whether an asserted inadvertence reflects an easily manufactured excuse incapable of verification by the court, 3) counsel's failure to provide for a readily foreseeable consequence, 4) a complete lack of

Case 2:19-cv-03183-WB   Document 18   Filed 04/15/20   Page 10 of 18

diligence or 5) whether the inadvertence resulted despite counsel's substantial good faith efforts towards compliance.

*Dominic v. Hess Oil V.I. Corp.*, 841 F.2d 513, 517 (3d Cir. 1988).  Here, Plaintiff's only attempts at service were mailing a copy of the Complaint and then Amended Complaint via certified mail, with no indication of whether it was received.  Additionally, Plaintiff's first attempt at service came only after a letter from chambers informing her that if service was not made, her case would be dismissed for lack of prosecution – and even after that letter, Plaintiff still filed her proof of service a day late.  Although Plaintiff's attempt at serving her Amended Complaint occurred in a timelier manner, it was still insufficient, and Plaintiff has provided no explanation as to her deficient attempts at service.  Thus, there is no excusable neglect.

The Court has discretion to decide whether dismissal is, nevertheless, appropriate.  The Advisory Committee's Note to Federal Rule of Civil Procedure Rule 4(m) is instructive as to when this discretion should be exercised.  *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  Although not an exhaustive list, the Advisory Committee explained that "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."  *Id.* (quoting Fed. R. Civ. P. 4(m) Advisory Committee's Note (1993)).

Plaintiff's RESPA violation claims are subject to a three-year statute of limitations.  12 U.S.C. § 2614.  Her Amended Complaint alleges that Wells Fargo, which was represented by Phelan Hallinan, violated RESPA requirements twice, first in April 2017 and then a second time in May 2017.  The statute of limitations has thus already run on one of Plaintiff's claims, and at present she has just one month to effectuate proper service on the second claim.[1]  Further, as a

---

[1] Plaintiff's state law claims arose over the course of a roughly 20-month period starting in December 2017.  They are subject to a two-year statute of limitations.  42 Pa. C.S.A. § 5524.  Thus, Plaintiff's claims that arise based on events occurring in late 2017 and early 2018 likewise are already time barred.

*pro se* litigant, Plaintiff is afforded particular leniency – although her status does not absolve her of the need to require with the services rules, Plaintiff did attempt to timely serve her Amended Complaint through certified mail. *See Mettle*, 279 F. Supp.2d at 605 ("[A]lthough Plaintiff's pro se status does not protect him from dismissal, the Court is mindful of Plaintiff's efforts to serve First Union, albeit by certified mail."). Consistent with the Advisory Committee note to Rule 4(m), practicality and judicial economy would best be served by granting Plaintiff a 60-day extension within which to properly serve Defendant Phelan Hallinan pursuant to the Federal Rules of Civil Procedure.

### C. Defendants' Motions to Dismiss[2]

Defendants Wells Fargo and the Sheriff Office both move to dismiss all counts against them in the Amended Complaint which, as stated *supra*, the Court understands to allege procedural due process, RESPA, common law fraud, intentional infliction of emotional distress, and "unlawful forceful ejectment" claims against Defendant Wells Fargo. Plaintiff brings all of those claims except for the RESPA violations against Defendant Sheriff Office.[3]

To survive a motion to dismiss, a claim must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). All that is considered are "allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The claims are

---

[2] Because this case arises at the motion to dismiss stage, all well-pleaded allegations in the Amended Complaint are accepted as true and all reasonable inferences are drawn in favor of Plaintiff. *See In re Rockefeller Ctr. Properties, Inc. Sec. Lit.*, 311 F.3d 198, 215 (3d Cir. 2002).

[3] In addition to the arguments addressed *infra*, the Sheriff Office argues that it is the wrong party to be sued and that the County instead should be named. *See, e.g., Jackson,* 570 F. App'x at 114 n.2. Because the arguments discussed below dispose of the Amended Complaint and would be equally applicable to the County, in the interest of a "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the case shall be decided on those grounds.

construed in the light most favorable to the non-moving party. *Warren Gen. Hosp. v. Amgen, Inc*., 643 F.3d 77, 84 (3d Cir. 2011). Factual allegations must be separated from mere legal conclusions and recitations of the element of the claim, as legal conclusions are not sufficient to state a plausible claim. *Iqbal*, 556 U.S. at 678.

    1. Procedural Due Process

Plaintiff makes numerous allegations that the state court proceedings against her were unfair and that the Sheriff Office wrongfully evicted her and deprived her of her house. She seeks relief under 42 U.S.C. § 1983, thus appearing to raise a procedural due process claim.

To state a claim for deprivation of procedural due process, rights, Plaintiff must allege that (1) she was deprived of an individual interest that is encompassed within the Constitution's protection of "life, liberty, or property," and (2) the procedures available to her did not provide "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Plaintiff's allegation that she was evicted from her home constitutes a deprivation of her interest in her real property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49 (1993). The issue is thus whether she was afforded adequate process prior to the deprivation.

The basic requirement for process is that individuals had "notice and an opportunity to be heard" before the Government deprived them of their property. *Id.* at 48. Plaintiff's state court proceedings indicates not only that she had both notice and an opportunity to be heard, but that Plaintiff vigorously litigated her case, filing multiple briefs and counterclaims at every stage of the process. Additionally, the state court considered (and ultimately denied) those claims. Plaintiff makes no allegations about any procedural wrongdoings committed by the state court. Further, there were additional mechanisms available to Plaintiff in state court, including appealing her case, of which she did not avail herself. "If there is a process on the books that

appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [she] wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Plaintiff's Amended Complaint instead relies on conclusory allegations that Defendants lied in the state court proceeding and that she is the rightful owner of the property.  Such conclusory allegations do not give rise to a procedural due process claim, *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1987), and the state court docket in this case establishes that Plaintiff had proper notice and an opportunity to be heard.

      2.  *Rooker-Feldman* Doctrine

Both Defendants argue that Plaintiff's Amended Complaint, which challenges the foreclosure initiated against her and requests the same damages as she requested in the state court, is simply seeking appellate review of a state court judgment.  As such, they argue, it is precluded by the *Rooker-Feldman* doctrine.  *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 416 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 (1983).

The *Rooker-Feldman* doctrine bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).  The doctrine developed out of jurisdictional concerns – only the Supreme Court has the authority to review final state court judgments, 28 U.S.C. § 1257, not district courts.  *Id.* at 291.  There are four requirements that must be met for this doctrine to apply:

> (1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments;' (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)

(internal quotation and citation omitted, modification in original).

The state court denied all of Plaintiff's defenses and counterclaims, and it entered judgment against her.  Plaintiff lost in state court.  The second requirement, however, is a closer call.  The inquiry into Plaintiff's complained of injuries caused by a state court judgment is essentially an analysis of the source of those alleged injuries.  *Id.* at 167.  That a plaintiff complains of the same underlying events in federal court as it did in state court does not necessarily mean her injuries were caused by the state court: the *Rooker-Feldman* doctrine only operates in "limited circumstances."  *Exxon Mobil*, 544 U.S. at 284.  It is not intended to "override or supplant preclusion doctrine. . . ."  *Id.* at 284, 291.  Thus, "when the source of the injury is the defendant's actions (and not the state court judgments), the federal suit is independent, even if it asks the federal court to deny a legal conclusion reached by the state court."  *Great W.*, 615 F.3d at 167.

A "useful guidepost" for determining the source of injury is "whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been 'caused by those proceedings.'"  *Id.*  It is difficult to tell what events, precisely, give rise to Plaintiff's claims.  In her Amended Complaint, she lists decisions made by the state court – but she also lists numerous events that predate the state court's actions, such as allegations related to her "RESPA Qualified Written Request" letters and allegations that Wells Fargo was fraudulently attempting to collect a debt that does not exist.  Taking all inferences in Plaintiff's favor and interpreting her Amended Complaint liberally, *see Erickson*, 551 U.S. at 94 (2007), Plaintiff's Amended Complaint can be read to allege RESPA violations, common law fraud, and intentional infliction of emotional distress that predate and were not caused by the state court judgment.  Requirement two is thus not met and the *Rooker-Feldman* doctrine does not preclude

these claims. *See Moncrief v. Chase Manhattan Mortg. Corp*., 275 F. App'x 149, 153 (3d Cir. 2008) (holding that a plaintiff's attempt to "relitigate the foreclosure action" is "not barred by *Rooker-Feldman*").

Plaintiff's "unlawful forceful ejection" claim, however, is different. The Sheriff Office ejected Plaintiff from her house solely because the state court ordered it to do so following the ejection proceeding. Thus, to the extent Plaintiff seeks to bring a claim based on her ejectment, the injury was "caused by" the state court and the second requirement is met. *Great W.*, 615 F.3d at 167.

As for the third requirement, judgment was entered in Defendant's favor in the ejectment proceeding on January 17, 2019. Plaintiff did not file her federal Complaint until July 22, 2019. The judgment was thus rendered before this federal suit was filed. Finally, Plaintiff alleges that the ejectment was unlawful – in effect, Plaintiff argues that the state court got it wrong when it entered judgment in Wells Fargo's favor and ordered ejectment. Plaintiff thus is inviting review and rejection of the state court's judgments, satisfying requirement four. *See id.* Plaintiff's claim related to the ejectment is barred by the *Rooker-Feldman* doctrine and is not subject to federal court subject matter jurisdiction.[4] *Manu v. Nat'l City Bank of Ind*., 471 F. App'x 101, 105 (3d Cir. 2012) (barring a plaintiff from pursuing a "wrongful foreclosure" claim under the *Rooker-Feldman* doctrine).

3. Claim Preclusion

Wells Fargo next argues that, even if the *Rooker-Feldman* doctrine does not bar all of Plaintiff's claims, claim preclusion, or *res judicata*, does. When a case has previously been adjudicated in a state court, federal courts are required to give full faith and credit to the state

---

[4] To the extent any of Plaintiff's other claims rely on allegations of wrongs caused by the state court proceeding, these claims too are barred by the *Rooker-Feldman* doctrine on the same grounds.

court judgment pursuant to 28 U.S.C. § 1738.  In doing so, federal courts apply "the same preclusion rules as would the courts of" the state at issue.  *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993).

Pennsylvania preclusion rules thus apply to this action.  Under Pennsylvania law, preclusion bars any future suits on the same claim between parties who are subject to a "final, valid judgment on the merits by a court of competent jurisdiction."  *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995).  Further, it applies not just to claims actually litigated, but also to claims that *could* have been litigated during the first proceeding, even if they were not actually brought.  *Id.*

In her state court filings, Plaintiff appears to have raised the same causes of action as she raises in her Amended Complaint presently, namely that Wells Fargo violated RESPA and that all Defendants committed fraud, intentionally inflicted emotional distress on her, and unlawfully ejected her.  Plaintiff does not allege that the state court lacked jurisdiction over any of the proceedings.  Nor did Plaintiff file any appeals from the judgments, despite having the right to do so.  And finally, all of the actions brought by Wells Fargo and counterclaims brought by Plaintiff were considered on the merits, with the state court entering judgments in Wells Fargo's favor and against Plaintiff.  Further, with one exception, *see infra* Section III.C.4, because Plaintiff's allegations predate the state court's entry of judgment and relate to the same series of events, even if Plaintiff now seeks to raise claims she failed to raise in the state court, those claims are barred because they could have been litigated in state court.  *Conte v. Mortg. Elec. Reg. Sys.*, 2015 WL 1400997, at *5 (E.D. Pa. Mar. 27, 2015) ("The conduct Plaintiffs complain of occurred prior to the state court foreclosure proceeding.  The time and place to challenge the Defendants' conduct was in the state court proceedings.").  Plaintiff's Amended Complaint, as it concerns

those claims, shall thus be dismissed with prejudice.

    4.  <u>Supplemental Jurisdiction</u>

Plaintiff's allegations related to intentional infliction of emotional distress do not specify which events caused the distress.  Her Amended Complaint thus could be read to raise a claim for emotional distress stemming from the Sheriff Office final eviction efforts, which would post-date the state court proceeding and thus not be barred on preclusion grounds, as that matter was not and could not have been litigated in the state court.

However, Plaintiff's federal claims giving rise to this Court's jurisdiction, RESPA and procedural due process, both fail.  "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."  *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (internal quotation and citation omitted).  Plaintiff's claim that she suffered emotional distress intentionally inflicted on her during her eviction in July 2019 is still well within Pennsylvania's two-year statute of limitations, 42 Pa. C.S.A. § 5524, meaning she could re-file it in state court, and no other considerations of fairness and convenience warrant keeping it in federal court.  Her claim for intentional infliction of emotional distress shall thus be dismissed with prejudice.

**III.**    **<u>CONCLUSION</u>**

Plaintiff's Motion for Default shall be denied.  Plaintiff is granted 60 days to effectuate proper service on Defendant Phelan Hallinan.  Defendants Wells Fargo and the Delaware County Sheriff Office's Motions to Dismiss shall be granted and Plaintiff's Amended Complaint against them shall be dismissed with prejudice.

An appropriate order follows.

**April 15, 2020**                                        **BY THE COURT:**

                                                          **/S/WENDY BEETLESTONE, J.**

                                                          _____

                                                          **WENDY BEETLESTONE, J.**